# EXHIBIT B

**EXHIBIT A**

PROMISSORY NOTE

$2,520,000.00                                                                                          South Bend, Indiana
                                                                                                      September [10], 2012

   For value received, **PEOPLELINK LLC**, an Indiana limited liability company, having an address at 431 East Colfax Avenue, Suite 200, South Bend, IN 46617 ("Buyer") promises to pay to the order of **ELITE PERSONNEL, INC.**, a New Jersey corporation, having an address at 933 Route 23 South, Pompton Plains, New Jersey 07444 ("Seller") the sum of Two Million Five Hundred Twenty Thousand and 00/100ths Dollars ($2,520,000.00) together with interest thereon prior to maturity at the rate of three percent (3.00%) per annum, payable at such location as Seller shall designate in writing from time to time hereafter; <u>provided</u>, that the principal amount hereof may be reduced or increased in accordance with the provisions of Section 2.02 of the Asset Purchase Agreement entered into between Seller and Buyer, dated September [10], 2012 (the "Purchase Agreement").

   Principal shall be paid in eight (8) equal quarterly installments of Three Hundred Fifteen Thousand and 00/100ths Dollars ($315,000.00). The first installment is due May 25, 2013 and the remaining seven (7) equal quarterly installments will be due thereafter on the immediately following twenty-fifth day of August, November, February and May, until all remaining principal under this Note shall be paid. Buyer may prepay the unpaid principal balance of this Note, in whole or in part, at any time or from time to time without premium or penalty. Interest shall be paid annually, on the dates the fourth and eighth installments of principal are payable.

   Any of the following shall constitute an event of default under this Note: (i) the failure of Buyer to make a payment hereunder (or, in accordance with Section 2.02(e) of the Purchase Agreement, deposit in a separate account (the "Segregated Account") any proposed adjustment amount as to which Seller has timely objected) within ten (10) business days of the date such payment is due; (ii) the filing of any petition or the commencement of any proceeding voluntarily by Buyer for any relief under any bankruptcy or insolvency laws or any law relating to the relief of debtors or the consent by Buyer to the entry of any order in an involuntary case; or (iii) the entry of an order or decree by a court of competent jurisdiction in any involuntary case, that is for the relief against Buyer under any bankruptcy or insolvency laws or any law relating to the relief of debtors which is not dismissed within thirty (30) days.

   Upon an event of default hereunder, Seller shall provide Buyer with written notice of default, and if Buyer fails to cure such default within ten (10) business days after receiving Seller's notice, all of the indebtedness evidenced hereby and remaining unpaid shall, at the option of Seller, become immediately due and payable with attorneys' fees and costs incurred by Seller in enforcing this Note. Any overdue principal of this Note shall, from and after the tenth (10) day after such amount is due, bear interest at a default rate of three percent (3.00%) per annum over the non-default rate of interest.

   At all times, Buyer shall have the right to offset against any amounts currently due and owing or hereafter arising under the terms of this Note, any full or partial amount owed to Buyer by Seller at any time under the terms of the Purchase Agreement and all related agreements contemplated by the Purchase Agreement; <u>provided</u>, <u>however</u>, that Buyer shall have deposited such offset amounts into the Segregated Account, which shall remain therein until such matter relating to the offset amount is resolved in accordance with the Purchase Agreement.

Buyer hereby waives presentment, demand for payment, notice of dishonor, notice of protest and protest, and all other notices or demands in connection with the delivery, acceptance, performance or default of this Note, except as herein set forth.

This Note shall be binding upon Buyer and any person claiming under or through Buyer, and shall inure to the benefit of Seller, together with its successors and assigns, including each owner and holder from time to time; *provided*, that Seller may not at any time assign any of its rights hereunder, in whole or in part, without the prior written consent of Buyer, unless such assignment is made by Seller to Joseph G. Straining and/or Barbara Straining, in which case such assignment shall not require the prior written consent of Buyer.

In case of any proceedings to collect when the principal or interest of this Note becomes due, Buyer shall be responsible for payment of all costs and expenses for collection, including reasonable attorneys' fees.

Buyer hereby waives trial by jury in any action, proceeding or counterclaim brought by any holder of this Note against the Buyer on any matter whatsoever arising out of or in any way connected with this Note.

No course of dealings between Buyer and Seller or the holder hereof or any delay on the part of Seller or the holder hereof in exercising any rights hereunder shall operate as a waiver of any rights of Seller or the holder hereof, except to the extent expressly waived in writing by Seller or the holder hereof.

Buyer hereby represents, warrants, certifies and declares that all acts, conditions and things required to be done and performed and to have happened precedent to the execution and delivery of this Note and to constitute this Note a legal, valid and binding obligation of Buyer in accordance with its terms have been done, performed and have happened in compliance with all applicable laws.

This Note shall be governed in all respects, including validity, interpretation and in fact, by the laws of State of New Jersey without regard to principles of conflicts of law. The Buyer and Seller hereby submit to the personal jurisdiction of the courts of the State of New Jersey

"BUYER"
PEOPLELINK LLC

By: _____
William J. Wilkinson, President

## GUARANTY

CRIT Corp., a Delaware corporation ("Guarantor"), and a Member of Buyer who will derive a financial benefit from the transactions contemplated by the Purchase Agreement, hereby unconditionally guarantees the prompt payment and performance of all of Buyer's obligations to Seller under this Promissory Note. Guarantor's liability hereunder will not be contingent or conditioned upon Seller's pursuit of any remedies against Buyer. The Guarantor hereby submits to the personal jurisdiction of the courts of the State of New Jersey.

"GUARANTOR"

**CRIT CORP.**

By: _____
Gilles Tanneur, President